**Tyrone CAMPBELL, Petitioner–
Appellant,**

v.

**Brian FISCHER, Superintendent of
Sing Sing Correctional Facility,
Respondent–Appellee.**

No. 03–2574.

United States Court of Appeals,
Second Circuit.

July 14, 2004.

Randolph Z. Volkell, Merrick, NY, for
Petitioner–Appellant.

Traci R. Wilkerson, Assistant District
Attorney, for Richard A. Brown, District
Attorney, Queens County, Kew Gardens,
N.Y. (John M. Castellano, Assistant Dis-
trict Attorney), for Respondent–Appellee,
of counsel.

Present: CALABRESI, STRAUB, and
SOTOMAYOR, Circuit Judges.

**SUMMARY ORDER**

**UPON DUE CONSIDERATION, IT IS
HEREBY ORDERED, ADJUDGED,
AND DECREED** that the judgment of the
District Court be and it hereby is **AF-
FIRMED.**

Petitioner–Appellant Tyrone Campbell
was convicted, after a jury trial in the
Supreme Court of the State of New York,
Queens County, of robbery, reckless en-
dangerment, and possession of a weapon,
in connection with the armed robbery of a
jewelry store. Petitioner now appeals the
district court's (Weinstein, *J.*) denial of his
petition for a writ of habeas corpus. The
district court certified just one issue for
appeal to this Court: whether Campbell's
constitutional right to due process of the
laws was violated when the trial court
refused to give a "missing witness" charge.

The only issue at trial was whether
Campbell was one of the three perpetra-
tors. One witness identified Campbell as a
perpetrator. A second witness was not
able to identify him in a lineup, and was
not called by the prosecution at trial. De-
fense counsel requested a missing witness
charge, contending that the witness was
knowledgeable about a material issue. *See
People v. Kitching,* 78 N.Y.2d 532, 536–37,
577 N.Y.S.2d 231, 583 N.E.2d 944 (1991)
(reversing a conviction for sale and posses-
sion of a controlled substance in the third
degree, due to the trial court's erroneous
denial of defendant's request for a missing
witness charge). The trial court denied
the request.

Having examined all the evidence before
the jury, we conclude that any error was
harmless under either the standard set
forth in *Brecht v. Abrahamson,* 507 U.S.
619, 638–39, 113 S.Ct. 1710, 123 L.Ed.2d
353 (1993) or that established by *Chapman
v. California,* 386 U.S. 18, 24, 87 S.Ct. 824,
17 L.Ed.2d 705 (1967). We have consid-
ered all of petitioner's claims and, finding
them meritless, AFFIRM the judgment of
the district court.